UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CARRIE M. WARD,** *et al* <br>    Plaintiffs/Substitute <br>    Trustees <br> v. <br> **MOHAMMAD RIZWAN** <br> **ROBINA SHAHEEN** <br>    Defendants | Case No: 8:16-cv-00478-DKC |
| **MOHAMMAD RIZWAN** <br> **and ROBINA SHAHEEN** <br>    Counter-Plaintiffs <br><br> *On Behalf of a Class and Subclass of Similarly Situated Persons* <br><br> v. <br><br> **FCI LENDER SERVICES INC.,** *et al.* <br><br>    Counter-Defendants | |

**DEFENDANTS/COUNTER PLAINTIFFS'**
**MOTION TO REMAND ACTION**

Plaintiffs Carrie Ward, Howard Bierman, Jacob Geesing, Pratima Lele, Joshua Coleman, Richard Goldsmith, Jr., Ludeen McCartney-Green, Jason Kutcher, Nicholas Derdock, and Elizabeth Jones ("Substitute Trustees") filed their Order to Docket Suit (Residential Property) commencing a foreclosure action against Defendants Mohammad Rizwan and Robina Shaheen ("Defendants/Counter Plaintiffs") and their home and property known as 9252 Broadwater Dr., Gaithersburg, MD 20879 ("Property") in the Circuit Court of Montgomery County, Maryland on

1

September 29, 2015.[1]   The Substitute Trustees initiated in the foreclosure on behalf of the secured parties[2] to the Defendants/Counter Plaintiffs' mortgage loan—i.e. Counter Defendants FCI Lender Services Inc. (FCI), Longvue Mortgage Capital, Inc. ("Longvue"), and Westvue NPL Trust III (Westview Series 2014-1)("Westvue")(collectively "Counter Defendants").   The Parties participated in foreclosure mediation conducted by the Office of Administrative Hearings and thereafter, because no agreement had been reached, Defendants/Counter Plaintiffs exercised their rights under Maryland law and procedure[3] to stay any foreclosure while they pursued their Class Action Counter Complaint against the Counter Defendants.[4] In their Class Action counter Complaint, Defendants raise federal and state law claims against the Counter Defendants related to their illegal debt collection activities.  ECF. 2.

---

[1] The Order to Docket and related foreclosure papers were docketed in Montgomery County Circuit Court Case Number 409887V.

[2] The Court of Appeals has concluded with the recent enactments revising Maryland foreclosure laws that the term 'secured party' encompass the owner of a mortgage note as well as the mortgage servicer and "can [also] encompass trustees and agents in some instances." *Shepherd v. Burson*, 427 Md. 541, 551, 50 A.3d 567, 573 (2012).

[3] These rights are discussed in more detail in *Fairfax Sav., F.S.B. v. Kris Jen Ltd. P'ship*, 338 Md. 1, 655 A.2d 1265 (1995); *Higgins v. Barnes*, 310 Md. 532, 530 A.2d 724 (1987); Md. Code Ann., Real Prop. § 7-105.1(m)(3)("Nothing in this subtitle precludes the mortgagor or grantor from pursuing any other remedy or legal defense available to the mortgagor or grantor"); and MD. RULE 14-211.

[4] Counter Defendants claim they are improperly named in this action and that a counter complaint under Maryland law may only be raised against the plaintiffs in an action.  *See* ECF. 21, Counter Plaintiffs' Response to the Court's Order to Show Cause.  Respectfully, Counter Plaintiffs misstate to the Court what Maryland's counter claim rule provides for the additional of new parties (which is different than its federal counterpart rule).  *See* MD. RULE 2-331(c)("A person not a party to the action may be made a party to a counterclaim or cross-claim and shall be served as a defendant in an original action").

Upon receipt of Defendants/Counter Plaintiffs' Class Action Counter Complaint against Counter Defendants and pursuant to a standard Administrative Order utilized in the Circuit Court for Montgomery County for counterclaims asserted in foreclosure actions, the circuit court severed the counter complaint from the foreclosure action but also consolidated the related matters for adjudication by a single judge of the various issues including the order in which the counterclaims and foreclosure matter will proceed.  *See* ECF. 24 at Page 27.

Defendants/Counter Plaintiffs caused Counter Defendants to be properly served with the Class Action Counter Complaint, writ of summons and certain papers from the foreclosure action.   Counter Defendant LongVue filed with this Court a Notice of Removal on February 19, 2016. ECF. 1.[5]  LongVue contended in its Notice of Removal that removal was proper under 28 U.S.C. § 1332 (diversity jurisdiction). Notice of Removal at ¶ *See* Not. of Removal at ¶ 11.  In passing LongVue also claims in its Notice of Removal that the Court has original jurisdiction based upon 28 U.S.C. § 1441(a) and supplemental jurisdiction based upon 28 U.S.C. § 1446(b).  *Id.* at ¶ 13.

Within days of removal, this Court issued an Order to Show Cause to the parties to answer the Court's inquiry as to why this action should not be remanded to the Circuit Court for Montgomery County in light of the Court's recent ruling in *Wittstadt v. Reyes*, 113 F. Supp. 3d 804 (D. Md. 2015).  ECF. 15.  Defendants/Counter Plaintiffs responded to the Court's Order to Show Cause agreeing with the Court's preliminary conclusion.

---

[5] The Other Counter Defendants apparently consented to the removal.  *See* Not. of Removal at ¶ 11.

ECF. 18.  The Counter Defendants also responded to the Court's Order to Show Cause but argued generally that the 'facts' at issue in Reyes somehow distinguished the result in that matter from LongVue's removal in this case.  ECF. 21.  Counter Defendants, however, failed in their response to distinguish the relevant and material procedural histories of this action to *Reyes*.  *Id.*[6]

Because the Counter Defendants and their counsel fail to understand the basis of the Court's prior ruling in *Reyes* and have not otherwise conceded there is no basis for their removal of the Class Action Counter Complaint, Defendants/Counter Plaintiffs move the Court, pursuant to 28 U.S.C. § 1447(c) and 28 U.S.C. § 1441(c), to remand this action to the Circuit Court for Montgomery County, Maryland and request leave to petition for their attorney fees incurred by having to present this motion even after the Court issued its Order to Show Cause.  The Notice of Removal filed by LongVue does not establish that this Court has subject matter jurisdiction over this action. Further not all Defendants in the related action consented to removal.[7]

A memorandum of law in support of this Motion (along with certain

---

[6] It should also be noted that the Counter Defendants' privies—i.e. the Plaintiffs/Substitute Trustees—scheduled a foreclosure sale of the Defendants/Counter Plaintiffs' home and property contemporaneously with the improper removal of this action and attempted to proceed to sale on March 9, 2016.  However, by Order of the Circuit Court dated March 8, 2016 (and entered on March 9, 2016), the sale was stayed in light of the Counter Defendants' and the Plaintiffs/Substitute Trustees' scheduling of the foreclosure sale in violation of the state circuit court's Administrative Order.

[7] Defendants/Counter Plaintiffs have timely indicated to the Court that they did no consent to the removal of this or any other action between the parties.  ECF. 19.

4

exhibits) is filed herewith and incorporated by reference.

WHEREFORE, Defendant/Counter Plaintiffs Defendant Mohammad Rizwan and Robina Shaheen respectfully moves that this action be remanded to the Circuit Court for Montgomery County, Maryland.

Date: March 17, 2016                                  Respectfully Submitted,

//s//_____
Phillip R. Robinson, Bar No. 27824
Consumer Law Center LLC
8737 Colesville Road, Suite 308
Silver Spring, MD 20910
Phone (301) 448-1301
phillip@marylandconsumer.com

//s//_____
Heather L. Gomes, Bar No. 27795
The Law Office of Heather L. Gomes, LLC
8737 Colesville Road, Suite 308
Silver Spring, MD 20910
Phone (301) 273-8045
heather@hgomeslaw.com

*Attorneys for Defendants/Counter-Plaintiffs*

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing was sent via this Court's CM/ECF system on the 17th day of March, 2016 to:

Terrance J. Shanahan, Esq.
Amanda Stevens Joiner, Esq.
William T. O'Neil, Esq.
MSO Legal Partners LLC
P.O. Box 86996
Montgomery Village, MD 20886
*Attorneys for Counter-Defendants*

                                               //s//_____
                                               Phillip Robinson