UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CARRIE M. WARD,** *et al*<br>    Plaintiffs/Substitute<br>    Trustees<br>v.<br>**MOHAMMAD RIZWAN**<br>**ROBINA SHAHEEN**<br>    Defendants | Case No: 8:16-cv-00478-DKC |
| **MOHAMMAD RIZWAN**<br>**and ROBINA SHAHEEN**<br>    Counter-Plaintiffs<br><br>*On Behalf of a Class and Subclass of Similarly Situated Persons*<br><br>v.<br><br>**FCI LENDER SERVICES INC.,** *et al.*<br><br>    Counter-Defendants | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS/COUNTER PLAINTIFFS' MOTION TO REMAND ACTION**

Counter Defendant LongVue Mortgage Capital, Inc., seeks removal of this matter based on (i) 28 U.S.C. § 1331 (original jurisdiction); and (ii) 28 U.S.C. § 1441 (federal question jurisdiction).[1] LongVue bases these contentions on erroneous interpretations of the binding case law upon this Court and misleading statements and assertions concerning the procedural posture of the disputes between Plaintiffs Carrie Ward,

---

[1] The other Counter Defendants FCI Lender Services Inc. (FCI and Westvue NPL Trust III (Westview Series 2014-1)("Westvue") joined in the removal. *See* Not. of Removal (ECF. 1) at ¶ 11.

1

Howard Bierman, Jacob Geesing, Pratima Lele, Joshua Coleman, Richard Goldsmith, Jr., Ludeen McCartney-Green, Jason Kutcher, Nicholas Derdock, and Elizabeth Jones ("Plaintiffs/Substitute Trustees"), Mohammad Rizwan and Robina Shaheen ("Defendants/Counter Plaintiffs"), and Counter Defendants FCI Lender Services Inc. (FCI), LongVue Mortgage Capital, Inc. ("LongVue"), and Westvue NPL Trust II (Westvue Series 2014-1)("Westvue")(collectively "Counter Defendants").

Mohammad Rizwan and Robina Shaheen respectfully submit that this Honorable Court lacks subject matter jurisdiction over this dispute and LongVue's removal was entirely improper.

## I. INTRODUCTION & BACKGROUND

Plaintiffs Carrie Ward, Howard Bierman, Jacob Geesing, Pratima Lele, Joshua Coleman, Richard Goldsmith, Jr., Ludeen McCartney-Green, Jason Kutcher, Nicholas Derdock, and Elizabeth Jones ("Plaintiffs/Substitute Trustees") filed their Order to Docket Suit (Residential Property) commencing a foreclosure action against Defendants Mohammad Rizwan and Robina Shaheen and their home and property known as 9252 Broadwater Dr., Gaithersburg, MD 20879 ("Property") in the Circuit Court of Montgomery County, Maryland on September 29, 2015. **ECF 24-16 (Page 1)-**Order to Docket**; ECF 24-8**-Docket Entries of the State Court Action.  Thereafter, the parties in the foreclosure action participated in foreclosure mediation which did not result in a resolution of their dispute.  *See* **ECF 24-8.**  As was their right, Defendants/Counter Plaintiffs timely filed a Class Action Counter Complaint and Motion to Stay against the Counter Defendants.  **ECF. 24-7**.

2

Upon the filing of Defendants/Counter Plaintiffs' Counter Complaint, the circuit court implemented its standard Administrative Order and procedures for counterclaims asserted within a foreclosure action, an order which has been in place since August 20, 2012. **ECF. 24** at Page 27. Pursuant to the terms of that Administrative Order as part of the circuit court's case management procedures related to foreclosure actions in which a homeowner has asserted a counter complaint, the following steps occurred (relevant and material to the motion to remand):

　　i. The counterclaims were "severed for the purpose of litigation,"

　　ii. The circuit court clerk "assign[ed] a separate case number to the **counterclaim** and create[d] a separate **file** for that counterclaim."

　　iii. The foreclosure and **counterclaim** files were "marked in the Court's case management system" as related matters,

　　iv. The **counterclaims** were "assigned to Civil DCM Track 0 for special assignment to the next available judge in the same manner as District Court and Administrative Appeal cases," and

　　v. The "**counterclaim file** and the related foreclosure case file" were to "be delivered to [the assigned] judge's chambers for the resolution of any preliminary motions and **determination of the order in which the issues raised shall be heard**."

**ECF. 24** at Page 27.

In its Certification of Filing of State Court Documents, in response to the Court's Standing Order on Removal, LongVue acknowledges as the removing party to the State Court Action that its status is as a "Counter-Defendant." **ECF. 22**. Further, each of the Counter Defendants acknowledge the same in response to the Court's Order to Show Cause. **ECF. 21**.

In sum LongVue has removed an action without any statutory or procedural right to do so; moreover, its theories of removal have changed over time but it has never sought to timely amend its Notice of Removal. Not only has LongVue improperly removed to this Court Mr. Rizwan and Ms. Shaheen's well pled counterclaims against it, LongVue seeks to remove a garden variety foreclosure case over which this Court has no jurisdiction—especially considering that the forum selected by the Plaintiffs/Substitute Trustees was initially state court. While it is true that Counter Plaintiffs have asserted federal claims as part of their counterclaims against the Counter Defendants (just as the Defendant/Counter Plaintiff in *Wittstadt v. Reyes*, 113 F. Supp. 3d 804 (D. Md. 2015) had done), a Counter Defendant does not have the right to remove these actions to this Court or unilaterally select which parts of the joined proceedings it wishes this Court to consider and which it does not wish it to consider. Based upon the actual record before the Court and relevant and material case law, this action should respectfully be remanded to the Circuit Court for Montgomery County.

## II. STANDARD OF REVIEW

### A. The Federal Removal Statute Is Strictly Construed

Counter Plaintiffs are entitled to the benefit of any doubts with respect to removal, and a very heavy burden is placed upon LongVue in its attempt to meet the requisites of removal. *Richardson v. Phillip Morris Inc.* 950 F. Supp. 700 (D. Md. 1997). It is well settled that the removing party bears the burden of proving proper removal. *See, e.g., Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir. 1994). As noted in *Taylor v. Giant Food,* 2004 WL 2191715 (D. Md. 2004) (slip opinion), "the court must

'strictly construe the removal statute and must resolve all doubt in favor of remanding the case to state court' indicative of the reluctance of federal courts 'to interfere with matters properly before a state court.'"  *Id.* at 1 (citing *Richardson v. Phillip Morris Inc.*, 950 F.Supp 700, 701-02 (D. Md. 1997);" *Cf Kessler v. Home Life Ins. Co.,* 965 F. Supp. 11, 12 (D. Md. 1997) (noting that where federal removal statute is not satisfied, remand is mandatory).

In *Egle Nursing Home v. Erie Insurance Group,* 981 F.Supp. 932 (D.Md. 1997), Judge Young explained that:

> The removal jurisdiction of the federal courts is to be "scrupulously confined," and "[i]f federal [removal] jurisdiction is doubtful, a remand is necessary." This strict policy against removal and for remand protects the sovereignty of state governments and state judicial power.  The party seeking removal bears the burden of stating facts in its notice of removal demonstrating an entitlement to removal.

*Id.* at 933, quoting *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir. 1994). *See also Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994) ("Federal courts are courts of limited jurisdiction. While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim….[R]emoval statutes are construed narrowly: where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is <u>any doubt</u> as to the right of removal in the first instance."); and *Navarro v. Subaru of America Operations Corp.,* 802 F. Supp. 191, 193 (N.D. Ill. 1992) ("Questions of removal are

accordingly strictly construed against federal jurisdiction … and ambiguities are resolved against removal when doubt exists as to jurisdiction.").

### III. ANALYSIS

**A. This Court Should Follow its Prior Ruling in *Wittstadt v. Reyes*, 113 F. Supp. 3d 804 (D. Md. 2015) and Remand this Action**

Remarkably, in their response to the Court's Order to Show Cause, the Counter Defendants state their belief that the posture of this matter is somehow different enough from the posture of the matter before the Court in *Wittstadt v. Reyes*, 113 F. Supp. 3d 804 and therefore (in their view) remand is not appropriate. They claim as follows:

> [T]he present case raises separate and distinct issues from those considered in in (sic) *Wittstadt* and that authority is distinguishable. Given the pleadings in this matter, removal was proper and the case should no [sic] be remanded.

Counter Defendants' Response to the Court's Order to Show Cause (**ECF. 21**) at Page 3.

Although it is difficult to understand the specific arguments advanced by the Counter Defendants in their response to the Court's Order to Show Cause, they appear to misstate and conflate the facts and procedural posture of *Reyes*. Their argument can be summarized as follows:

- Counter Defendants represent to the Court that Reyes concerned primarily "Maryland law and rules on the foreclosure process" and the "issues and arguments" in this action are different. *Id.* at 4.

- Counter Defendants appear to believe that this Court has jurisdiction of 'new claims' against them which fall under the Fair Debt Collection Practices Act and the Maryland Consumer Debt Collection Act and which they claim are "distinct from any claim arising from the foreclosure process" such as the foreclosure exceptions that were at issue in *Reyes*. *Id.* at 4-5.

- Counter Defendants represent to the Court that the only justified defense to the state court foreclosure, which they believe was the subject of *Reyes*, is whether or not the lien is valid, and that the Counter Complaint constitutes a new claim unrelated to that specific defense, somehow creating "a new civil action that is subject to removal." *Id.* at 5-6.

With respect to LongVue's distorted view of *Reyes*, that action and this case involve the identical procedural posture and the factual differences as to the claims presented in each case do not create any different result—this action should be remanded to the Circuit Court for Montgomery County.  A summary of the material and relevant facts (as conceded by the Counter Defendants) is as follows:

- The Counter Plaintiffs in both *Reyes* and the instant matter filed their Counter Complaints within previously initiated foreclosure actions:  Ms. Reyes was the defendant in a Circuit Court for Montgomery County foreclosure action against her home and property.  *Reyes*, 113 F. Supp. 3d at 805 (The "Substitute Trustees[] filed an order to docket in the Circuit Court for Montgomery County on November 27, 2013, commencing a foreclosure action against Rosa Maria Reyes and her home, a residential property in Montgomery County"); Mohammad Rizwan and Robina Shaheen are also subject to a foreclosure action commenced by "the Substitute Trustees appointed by [FCI on behalf of WestVue] [who] served an order to docket, statements and various affidavits that initiated this foreclosure proceeding, all of which were accepted by the Montgomery County Circuit Court Clerk."  Counter Defendants' Response to the Court's Order to Show Cause (**ECF. 21**) at Page 2.  *See also* **ECF 24-8**.

- The Circuit Court for Montgomery County implemented its standard Administrative Order upon the filing of a Counter Complaint in each foreclosure action:  "In accordance with the Administrative Order that had been in place since August 20, 2012, the clerk in the Circuit Court opened a new case when the counter claim was filed" (Reyes, 113 F. Supp. 3d at 805); in this action, the Circuit Court for Montgomery County did the same. **ECF 24-8; ECF. 24** at Page 27.

7

- The Circuit Court for Montgomery County's standard Administrative Order provides:

    > that: (1) the clerk is to accept a counterclaim in a foreclosure proceeding and docket it in the foreclosure case along with a copy of the Administrative Order, (2) the counterclaim is "severed for the purpose of litigation," (3) the clerk is to assign a separate case number to the counterclaim and create a separate file, (4) the clerk is to mark the files as related in the case management system, (5) the clerk is to assign the counterclaim to a particular track, (6) "any such counterclaim file and the related foreclosure case *shall be delivered together* to that judge's chambers for the resolution of any preliminary motions and determination of the order in which the issues raised shall be heard[,]" and finally, (7) the foreclosures pending ratification continue to be screened under Maryland Rule 14–207.1 and presented to the Administrative Judge for ratification. (ECF No. 18–11) (emphasis added).

    *Reyes*, 113 F. Supp. 3d at 805-06.  *See also* **ECF. 24** at Page 27.

Based upon these material and undisputed facts, there is no basis to distinguish this action from *Reyes*.  Therefore, in accordance with the holding in *Reyes*, this action should be remanded.  *Reyes*, 113 F. Supp. 3d at 806-07.

**B.  A Counter Defendant Has No Right of Removal Under Federal Law**

28 U.S.C.A. § 1441(c) provides "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."  *Id.*  However, the Congress has presently limited this right by authorizing removals only as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, *may be removed by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C.A. § 1441(a) (emphasis added).

In analyzing the present day language of 28 U.S.C. § 1441 removal authority, this Court summarized the distinction aptly apparent in this case concerning the authority of "Third Party Defendants" as compared to "Defendants" to remove actions to this Court from Maryland state courts:

> A majority of courts addressing the ability of third-party defendants to remove a case under this provision have ruled that third-party defendants cannot remove because they are not "defendants" for purposes of removal. *See, e.g., Galen-Med, Inc. v. Owens,* 41 F.Supp.2d 611 (W.D.Va.1999); *Share v. Sears, Roebuck & Co.,* 550 F.Supp. 1107, 1108 (E.D.Pa.1982); *Croy v. Buckeye Int'l, Inc.,* 483 F.Supp. 402, 406 (D.Md.1979)….These courts have largely based their decisions on the well-established principle that removal statutes are to be strictly construed, *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), and have noted that Section 1441(a) does not utilize the words "third-party defendant" but merely uses the words "the defendant or the defendants." *See, e.g., Croy,* 483 F.Supp. at 405.
>
> Although the statute "neither explicitly includes nor excludes third party ... defendants, [it] must be read in light of the principle requiring 'strict construction' of removal jurisdiction, the principle requiring rejection of federal jurisdiction in doubtful removal cases, the entirely statutory nature of removal jurisdiction, and considerations of comity." *Id.* (citations omitted). In strictly construing 28 U.S.C. § 1441(a), it has been noted that a prior version of the statute allowed " 'either party or any one or more of the plaintiffs or defendants' " to remove, indicating that in adopting the current language, Congress intended to restrict removal jurisdiction solely to the defendant to the main claim. *Soper v. Kahn,* 568 F.Supp. 398, 401 (D.Md.1983) (*citing Share,* 550 F.Supp. at 1108 (*quoting* section 12 of the Judiciary Act of 1875)). The court agrees with this reasoning and therefore

9

> finds that third-party defendants are not "defendants" for the purpose of removal under 28 U.S.C. § 1441(a).

*Florence v. ABM Industries, Inc. et al.*, 226 F.Supp.2d 747, 749 (D. Md. 2002) (footnote omitted).

The Fourth Circuit considered similar attempts at removal as those represented by LongVue and soundly rejected the removal authority by parties other than the "Defendant" or "Defendants." *Palisades Collections LLC v. Shorts,* 552 F.3d 327, 332 (4th Cir. 2008) (recognizing a "counter-defendant" is not a "defendant" empowered to remove pursuant to 28 U.S.C.A. § 1441(a)).  The Fourth Circuit went on to explain in *Palisades* that

> For more than fifty years, courts applying *Shamrock Oil* have consistently refused to grant removal power under § 1441(a) to third-party defendants--parties who are not the original plaintiffs but who would be able to exercise removal power under ATTM's interpretation. *See Cross Country Bank v. McGraw,* 321 F.Supp.2d 816, 821-22 (S.D.W.Va.2004) (noting that district courts within the Fourth Circuit have adopted the majority rule that "a third-party defendant is distinct from 'the defendant or defendants' who are permitted to remove cases pursuant to 28 U.S.C. § 1441(a)"); *Galen-Med, Inc. v. Owens,* 41 F.Supp.2d 611, 614 (W.D.Va.1999) ("The majority view, that third-party defendants are not 'defendants' for purposes of removal under 28 U.S.C. § 1441(a), is the better rule."); *Hayduk v. UPS,* 930 F.Supp. 584, 590 (S.D.Fla.1996) ("Nearly every court that has considered the question whether third-parties may remove under § 1441(a) has determined that they may not."); *Croy v. Buckeye Int'l, Inc.,* 483 F.Supp. 402, 406 (D.Md.1979) ( "The overwhelming weight of authority indicates that a third party defendant is not entitled to removal of an entire case to federal court under 28 U.S.C. § 1441(a)."); *Manternach v. Jones County Farm Serv. Co.,* 156 F.Supp. 574, 577 (N.D.Iowa 1957) (noting that courts "are not in disagreement as to the non-removability of a third-party claim [under § 1441(a) ]").
>
> ….

> Congress has shown the ability to clearly extend the reach of removal statutes to include counter-defendants, cross-claim defendants, or third-party defendants, *see* 28 U.S.C. § 1452(a) (West 2006) ("A *party* may remove any claim or cause of action ... [related to bankruptcy cases]." (emphasis added)). In crafting § 1441(a), however, Congress made the choice to refer only to "the defendant or the defendants," a choice we must respect.

*Id.* at 332-333.  *See also Cohn v. Charles*, 857 F. Supp. 2d 544, 547 ("Only a defendant to an action—neither a counter-defendant nor a third-party defendant—may remove a case under § 1441(a)").

In sum, as a Counter-Defendant, LongVue had no right to remove this action to this Court and this Court should respectfully remand the action to the Circuit Court for Montgomery County.

> **C. Even if the Court Believes the Severance of the Counterclaims from the Foreclosure Case Might Permit Removal, Since the Actions Were Also Effectively Consolidated and Joined Together, LongVue was Required to Obtain the Consent of All Parties to Remove the Parties' Dispute and Did Not Do So**

The Administrative Order (**ECF. 24** at Page 27) makes clear, if the Court views the counterclaim and foreclosure actions as two separate cases (and Defendants/Counter Plaintiffs do not concede this point), the actions were joined and consolidated together. *See* **ECF. 24** at Page 27.   Md. Rule 2-503(a)(1) grants the circuit court this authority and provides:

> When actions involve a common question of law or fact or a common subject matter, the court, on motion or **on its own initiative**, may order a joint hearing or trial or consolidation of any or all of the claims, issues, or actions.

*Id.* (emphasis added).

In a factually similar situation, Judge Titus explained that for consolidated or joined actions, the consent of all defendants in both actions is required when a party like LongVue in this instance seeks to remove to federal court.

> Under 28 U.S.C. § 1446(b)(2)(A), "when a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Here, Mann Bracken maintains that "[a]lthough the Defendants in the Cline Litigation either joined in or consented to the removal, the removing parties ignored the fact that the Consolidated Case included additional defendants who did not join in or consent to the removal." Doc. No. 26 at 3. Mann Bracken attaches two declarations of defendants to the Consolidated Case (from the Receivership Action) who were not consulted before the case was removed and who maintain that they affirmatively oppose the removal of the action. *See id.* Ex. A ¶ 15; Ex. B ¶ 3. Therefore, because Judge Rubin's order consolidated the Cline Litigation and the Receivership Action into one proceeding, this Court cannot exercise federal question jurisdiction over the removed action because all Defendants did not consent to removal.

*Receivership Estate of Mann Bracken, LLP v. Cline*, No. RWT 12CV292, 2012 WL 2921355, at *5 (D. Md. July 16, 2012).

The basis of LongVue's removal to this Court pursuant to its Notice of Removal was 28 U.S.C. § 1446(a). **ECF. 1** at ¶ 11. As a defendant in the consolidated and joined action, Defendants/Counter Plaintiffs did not consent to removal of this action to this Court. **ECF. 19**. Without their consent, removal was improper. 28 U.S.C. § 1446(b)(2)(A); *Egle Nursing Home, Inc. v. Erie Ins. Grp.*, 981 F. Supp. 932, 933 (D. Md. 1997)("The consent of all defendants is required to remove an action to federal court. 28 U.S.C. § 1446(a); *Perpetual Bldg. & Loan Ass'n v. Series Directors of Equitable Bldg. &*

*Loan Ass'n,* 217 F.2d 1, 5 (4th Cir.1954); *Bellone v. Roxbury Homes, Inc.,* 748 F.Supp. 434, 436 (W.D.Va.1990), and cases therein cited").

Since Mohammad Rizwan and Robina Shaheen, as defendants to the foreclosure proceeding, did not consent to its removal, this Court did not have proper jurisdiction at the time of removal and this action should be remanded to the Circuit Court for Montgomery County, Maryland.

> D. **Due to Counter Defendants' Blatant Disregard of the Controlling Case Law And No Objectively Reasonable Basis for Seeking Removal, Counsel for Defendants/Counter Plaintiffs Respectfully Ask for Leave to Submit a Request for Attorney's Fees and Costs**

The standard for awarding attorney's fees and costs where removal is improper is as follows:

> 'Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.' *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). Whether to award costs and expenses is in this Court's discretion, and there is no presumption *550 either for or against such an award. *Id.* at 139, 126 S.Ct. 704.

*Cohn v. Charles*, 857 F. Supp. 2d 544, 549-50 (D. Md. 2012).

In *Cohn*, this Court declined to award attorney's fees and costs despite holding that removal was improper because at the time of the facts presented in that case -- 2009 to 2011 -- amendments to Maryland foreclosure law were "recent" and "the state of remand law murky." *Cohn*, 857 F.Supp. 2d at 550.  By contrast, the law in this district is now settled, providing Counter Defendants with no objectively reasonable basis to remove the instant action. In fact, Counter Defendants removed this action in contravention of the

reported authorities on point to which they relied. Their actions resulted in a waste of judicial resources by creating the necessity of this Court's Order to Show Cause and a waste of Defendants/Counter Plaintiffs' counsel's time in responding to the Order to Show Cause and filing this motion to remand. In these circumstances, undersigned counsel respectfully request that they be permitted leave to file a motion for attorney's fees and costs.

## IV.  CONCLUSION

Upon the foregoing facts and legal analysis, the Mohammad Rizwan and Robina Shaheen move that this action be remanded to the Circuit Court for Montgomery County, Maryland.

Date: March 17, 2016                              Respectfully Submitted,

//s//_____
Phillip R. Robinson, Bar No. 27824
Consumer Law Center LLC
8737 Colesville Road, Suite 308
Silver Spring, MD 20910
Phone (301) 448-1301
phillip@marylandconsumer.com

//s//_____
Heather L. Gomes, Bar No. 27795
The Law Office of Heather L. Gomes, LLC
8737 Colesville Road, Suite 308
Silver Spring, MD 20910
Phone (301) 273-8045
heather@hgomeslaw.com

*Attorneys for Defendants/Counter-Plaintiffs*

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing was sent via this Court's CM/ECF system on the 17th day of March, 2016 to:

Terrance J. Shanahan, Esq.
Amanda Stevens Joiner, Esq.
William T. O'Neil, Esq.
MSO Legal Partners LLC
P.O. Box 86996
Montgomery Village, MD 20886
*Attorneys for Counter-Defendants*

//s//_____
Phillip Robinson