```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
                                    :
MOHAMMAD RIZWAN, et al.
                                    :
     v.                             :   Civil Action No. DKC 16-0478
                                    :
FCI LENDER SERVICES INC., et al.
                                    :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is a motion to remand and for attorney's fees filed by Mohammad Rizwan and Robina Shaheen. (ECF No. 25). Also pending is a motion to dismiss filed by FCI Lender Services, Inc., LongVue Mortgage Capital, Inc., and WestVue NPL Trust II. (ECF No. 16). The relevant issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to remand and for attorney's fees will be granted in part and denied in part. The motion to dismiss will not be addressed.

## I. Background

On or about September 29, 2015, Carrie Ward, Howard Bierman, Jacob Geesing, Pratima Lele, Joshua Coleman, Richard Goldsmith, Jr., Ludeen McCartney-Green, Jason Kutcher, Nicholas Derdock, and Elizabeth Jones (collectively, the "Substitute Trustees") commenced a foreclosure action against Mr. Rizwan and

Ms. Shaheen in the Circuit Court for Montgomery County. (*See* ECF Nos. 24-16, at 1-2; 25-1, at 2). On December 29, Mr. Rizwan and Ms. Shaheen filed a "Counter-Complaint" against FCI Lender Services Inc., Longvue Mortgage Capital, Inc., and Westvue NPL Trust II (collectively, the "Counterclaim Defendants") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a *et seq.* and the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law § 14-201 *et seq.* (ECF Nos. 2; 24-7). On December 30, pursuant to a standing administrative order from 2012 (the "Administrative Order"), the Clerk of the Circuit Court "severed for the purpose of litigation" the counterclaim from the foreclosure action, assigned it a separate case number, marked it as related to the foreclosure action, and "delivered together" the foreclosure case and the counterclaim case to the next available judge "for the resolution of any preliminary motions and determination of the order in which the issues raised shall be heard." (ECF No. 24, at 27).

On February 19, 2016, Counterclaim Defendants filed a notice of removal from the Circuit Court for Montgomery County. (ECF No. 1). Counterclaim Defendants purport to remove only Case No. 413361-V, which is the case number the Clerk of the Circuit Court assigned to the counterclaim following entry of the Administrative Order. On February 23, this court issued an order directing the parties to show cause why the action should

not be remanded.  (ECF No. 15).  The parties responded to the show cause order (ECF Nos. 18; 19; 21), and Mr. Rizwan and Ms. Shaheen filed the pending motion to remand on March 16 (ECF No. 25).  On March 30, Counterclaim Defendants responded.  (ECF No. 26).

**II.  Standard of Review**

Under 28 U.S.C § 1441(a), "a civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants."  The burden of demonstrating jurisdiction, and the propriety of removal, rests with the removing party.  *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815 (4th Cir. 2004).  On a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court," indicative of the reluctance of federal courts "to interfere with matters properly before a state court."  *Barbour v. Int'l. Union*, 640 F.3d 599, 615 (4th Cir. 2011) (en banc), *abrogated by statute on other grounds by* 28 U.S.C. § 1446(b)(2)(B).

**III. Analysis**

Recent cases have made clear that a counterclaim filed against a Plaintiff bringing a foreclosure suit in state court is not removable, either by the original plaintiff or an added third-party defendant.  *See Palisades Collections LLC v. Shorts*,

552 F.3d 327, 332 (4th Cir. 2008) ("For more than fifty years, courts . . . have consistently refused to grant removal power under § 1441(a) to third-party defendants."); *Wittstadt v. Reyes*, 113 F.Supp.3d 804, 806 (D.Md. 2015) ("A counterclaim filed within the foreclosure proceeding does not create a removable civil action."); *Cohn v. Charles*, 857 F.Supp.2d 544, 548 (D.Md. 2012) ("The Counterclaim and Third Party Complaint were filed within an existing state proceeding and, therefore, did not create a removable 'civil action brought in state court' to which the [counterclaim and third-party defendants] are defendants."). This is true even when the counterclaim was severed from a foreclosure action under the Administrative Order. *Wittstadt*, 113 F.Supp.3d at 807. Counterclaim Defendants argue that removal is appropriate here, however, because "[t]hough styled [as] a counter-complaint, the pleading stated no claims against the Substitute Trustee[s] who brought the original *in rem* foreclosure action pursuant to Maryland law. Instead, the counter-complaint named three new parties as defendants, none of which were parties to the foreclosure action." (ECF No. 26, at 2). Thus, Counterclaim Defendants assert that the counter-complaint "should arguably be styled as a separate [c]omplaint and should not be viewed as an extension of the original foreclosure action." (*Id.* at 3).

4

Counterclaim Defendants' attempts to distinguish *Wittstadt* and *Palisades Collections* are unpersuasive. They contend that:

> The fact that this action was severed pursuant to the Administrative Order in a similar manner as in *Wittstadt* is not dispositive. The central theme of and controlling law and authority in the *Wittstadt* decision are distinct from the instant case, specifically in that the issues raised in the counterclaim in *Wittstadt* were solely governed by Maryland law and rules on the foreclosure process.

(ECF No. 26, at 5). The court does not agree, and although the procedural posture of this case differs slightly, the underlying reasoning of the previous two cases applies here. Regardless of whether Mr. Rizwan and Ms. Shaheen's claims are against the original plaintiff or third-party defendants, their claims are part of the foreclosure action, and severance under the Administrative Order did not create a separate action sufficient to trigger the right to remove. *Wittstadt*, 113 F.Supp.3d at 807; *see Palisades Collections*, 552 F.3d at 333-34 (holding that "an additional counter-defendant" could not remove a case to federal court); *Cohn*, 857 F.Supp.2d at 548 ("Accordingly, the [plaintiffs/counter-defendants and third-party defendant] within the foreclosure proceeding . . . have no authority to remove under § 1441(a)."). The United States Court of Appeals for the Fourth Circuit has directed that "the phrase 'the defendant or the defendants,' as used in § 1441(a) should be interpreted

narrowly, to refer to defendants in the traditional sense of parties against whom the [original] plaintiff asserts claims." *Palisades Collections*, 552 F.3d at 333 (alteration in original) (citing *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 462-63 (6th Cir. 2002)). Here, Counterclaim Defendants "are certainly not defendants against whom the original plaintiff asserts claims." *Id.* Accordingly, the court refuses to broaden the scope of § 1441(a) to cover Counterclaim Defendants merely because the complaint against them did not name the original plaintiff as a defendant.

Moreover, Judge Chuang recently came to the same conclusion when analyzing a case with a similar procedural posture. *See Kelly v. JP Morgan Chase Bank, Nat'l Assoc.*, No. TDC-15-1115, 2015 WL 9183428 (D.Md. Dec. 17, 2015). In *Kelly*, the defendants in a state court foreclosure action filed a third-party complaint asserting claims against JP Morgan Chase Bank. *Id.* at *1. As in this case, the third-party complaint in *Kelly* did not name the original plaintiff as a defendant. Nonetheless, Judge Chuang found *Wittstadt* persuasive and remanded the case because the Administrative Order "merely bifurcate[d] the foreclosure action and the Third-Party Complaint to facilitate the Circuit Court's case management and thus does not alter the general rule that a third-party complaint may not be removed under 28 U.S.C.

§ 1441(a)."  *Id.* at *2 (citing *Palisades Collections*, 553 F.3d at 333).

Counterclaim Defendants' repeated assertions that this is a separate, removable action do not make it so, and their attempts to distinguish relevant case law are unavailing.  No matter how Mr. Rizwan and Ms. Shaheen's complaint is styled or what claims it asserts, it remains part of the foreclosure action even though separated for ease of litigation by the Administrative Order.  *Wittstadt*, 113 F.Supp.3d, at 806-07 (holding that the Administrative Order "merely effectuates a bifurcation of the case permitting the court to try the foreclosure and counterclaim separately if necessary"); *see Cohn*, 857 F.Supp.2d at 548-49 ("Matters relating to the administration of the state court proceeding, including whether to sever the federal claims from the foreclosure, lie within the Maryland Circuit Court's discretion.").  Accordingly, this action will be remanded to the circuit court.

Mr. Rizwan and Ms. Shaheen will not, however, be awarded attorney's fees and costs.  A court may award "payment of just costs and any actual expenses, including attorney fees, incurred as a result of [a] removal."  28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin*

7

*Capital Corp.*, 546 U.S. 132, 141 (2005). Although the court finds that removal was improper, Counterclaim Defendants' arguments attempting to distinguish *Wittstadt* and *Palisades Collections* were not objectively unreasonable. *Kelly* indicates more directly that removal of an action with this specific procedural posture was improper, but it is a very recent and unpublished decision. The law is becoming clearer, but "the problematic nature of adjudicating a foreclosure governed by state law together with a mortgagor's federally-based counterclaims" continues to make "the state of remand law murky." *Cohn*, 857 F.Supp.2d at 550. Accordingly, Mr. Rizwan and Ms. Shaheen's request for attorney's fees and costs will be denied.

**IV. Conclusion**

For the foregoing reasons, the motion to remand and for attorney's fees will be granted in part and denied in part. The motion to dismiss and the motion for an extension of time to respond remain for resolution upon remand. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
